HUDSPETH, District Judge,
dissenting:
Because I believe that the distinguished district judge did not abuse his discretion in finding that the Appellants were not “prevailing parties” entitled to an award of attorney’s fees under § 1988,1 respectfully dissent..
From the very beginning of their involvement in this litigation until now, the real objective of the Homeowners has been to prevent the Dallas Housing Authority from constructing new public housing units on land adjacent to the their neighborhoods. They have not achieved that objective. When this Court decided the previous appeal in 1999, it did stay construction at the sites adjacent to the Homeowners’ neighborhoods pending further proceedings in the district court. Walker v. City of Mesquite, Texas, 169 F.3d at 988. However, that stay has long since expired, and neither the district court nor this Court has enjoined construction of public housing units on those specific sites. Indeed, the Dallas Housing Authority is still considering building new public housing units on those sites, basing the decision to build there upon criteria which the Authority asserts are race-neutral. In my view, this is an example of what the Supreme Court meant when it stated that “Of itself, ‘the moral satisfaction [that] results from any favorable statement of law cannot bestow *253 prevailing party status.” Farrar v. Hobby, 506 U.S. at 112, 113 S.Ct. 566; Hewitt v. Helms, 482 U.S. at 762, 107 S.Ct. 2672. In this case, the Homeowners have not “prevailed”, i.e., attained their litigation objectives, in any material or realistic way. Therefore, I would hold that the district court did not abuse its discretion in denying the Homeowners’ application for attorney’s fees, and would affirm the decision below.